IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenda M. Young,<br><br>           Petitioner,<br><br>vs.<br><br>Ryan Thornell, et al.,<br><br>           Respondents. | No. CV-25-00551-PHX-SPL<br><br>**ORDER** |

      Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), the Limited Answer from Respondents (Doc. 8), and Petitioner's Reply (Doc. 9). The Court has also considered the Report and Recommendation ("R&R") from the Magistrate Judge (Doc. 10), Petitioner's Objections (Doc. 11), Respondents' Response (Doc. 12), and Petitioner's Reply (Doc. 13).[1]

      A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United*

---

[1] Petitioner filed a reply to Respondents' response to Petitioner's objections. (Doc. 13). A reply is not permitted under the Rules. *See* Fed. R. Civ. P. 7, 72(b)(2); LRCiv. P. 7.2. Respondents moved to strike Petitioner's reply because it is an impermissible sur-reply. (Doc. 14). Although Respondents are correct that a sur-reply is not procedurally permitted, the Court nonetheless considered the sur-reply and finds that it does not change the outcome of this case. As a result, the motion to strike will be denied.

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations have also been thoroughly considered.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by the magistrate judge. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 10) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 11) are **overruled**;

3. That the Motion to Strike (Doc. 14) is **denied**;

4. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied,** and this action is **dismissed with prejudice**;

5. That a Certificate of Appealability is **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right; and

///
///
///
///
///

6. That the Clerk of Court shall enter judgment according and terminate this action.

Dated this 15th day of September, 2025.

Honorable Steven P. Logan
United States District Judge